UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Crim. No. 6:21-cv-00013-GFVT-HAI-5 |
| v. ) | |
| ) | |
| KERI MCFARLANE, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition [R. 515] filed by United States Magistrate Judge Hanly A. Ingram addressing the Motion to Suppress filed by Defendant Keri McFarlane. [R. 402.] Dr. McFarlane faces multiple charges stemming from her employment at EHC, a medical clinic founded by her co-defendant, Dr. Robert Taylor. [R. 1.] In August 2016, Dr. McFarlane "observed improper and potentially illegal practices at EHC." [R. 402 at 2.] She volunteered for an interview with the FBI, which was followed by a second interview with the Office of Inspector General, Department of Health and Human Services. *Id.* at 2-3. Both occurred in 2016. *Id.* She was then interviewed by the DEA twice in 2019. *Id.* at 3-4.

Dr. McFarlane seeks suppression of the 2019 interviews. [R. 402.] She argues her statements during those interviews were coerced because the investigators misled her into believing she was a witness, rather than a suspect. *Id.* at 5. Judge Ingram conducted an evidentiary hearing and prepared a Recommended Disposition. [R. 515.] He recommends denying the Motion. He found that a "normal voluntariness challenge would fail because there was no objectively coercive police activity." *Id.* at 15. Dr. McFarlane had also asked the Court

to apply a Fourth Circuit case finding an interview was coercive when officers made material affirmative misrepresentations.  *Id.* (citing *United States v. Giddins*, 858 F.3d 870, 874-75 (4th Cir. 2017)).  Judge Ingram found that even if the Sixth Circuit would adopt *Giddins*, Dr. McFarlane failed to prove either affirmative misrepresentations or materiality.  *Id.* at 21-27.

As noted in the Recommended Disposition and pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the parties were notified to file any objections by November 30, 2022.  *Id.* at 28.  As of the date of this Order, neither party has filed objections nor sought an extension of time to do so.

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c).  When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard. . . ." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985).  Parties who fail to object to a magistrate's recommended disposition are also barred from appealing a district court's order adopting that recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Nevertheless, this Court has examined the record, and agrees with the Magistrate Judge's Recommended Disposition.  Accordingly, the Court having considered the record and being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 515**] as to Defendant Keri McFarlane is **ADOPTED** as and for the Opinion of the Court; and

2. Defendant Keri McFarlane's Motion to Suppress [**R. 402**] is **DENIED**.

This the 9th day of December, 2022.

Gregory F. Van Tatenhove
United States District Judge